**NOT FOR PUBLICATION**

FILED

SEP 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK NEWHALL WOODS, | No. 15-15363 |
| Petitioner-Appellant, | D.C. No. 4:14-cv-01936-CW |
| v. | |
| ELVIN VALENZUELA, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and MORRIS,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

Frederick Newhall Woods ("Woods") appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We vacate and remand.[1]

1. Woods' claim was not mooted by his subsequent parole hearing. A case is not moot where "some concrete and continuing injury" exists. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "It is sufficient . . . that the litigant show the existence of an immediate and definite governmental action or policy that has adversely affected and continues to affect a present interest." *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 125–26 (1974). Even where a parolee has been conditionally paroled after an alleged due process violation in an earlier parole proceeding, if "the release was conditioned upon respondent's compliance with terms that significantly restrict his freedom," the subsequent parole does not moot his claim. *Jago v. Van Curen*, 454 U.S. 14, 21 n.3 (1981). Because Woods continues to be incarcerated and therefore has an ongoing interest "in the procedures followed by [the state] in granting parole," *Weinstein v. Bradford*, 423 U.S. 147, 148 (1975), his claim implicates a live controversy and is not moot.

---

[1] Woods' Request for Judicial Notice is DENIED as moot. Although the request was relevant to the adjudication of Woods' then pending motion for a certificate of appealability, it is not relevant to the merits of the appeal.

Furthermore, Woods' appeal is not moot because the alleged due process violation in the 2012 proceeding inflicts a continuing harm. Woods received a 2015 parole hearing and was again denied parole. But the sole reason the 2015 parole hearing occurred was that Woods was denied parole in 2012 based on a process he alleges was constitutionally deficient; the 2012 denial made Woods' continued incarceration possible, and it is the ongoing injury from that *particular* proceeding that Woods seeks to remedy. So long as Woods is incarcerated, he will continue to experience the effects of the 2012 denial and any constitutional injuries he suffered.

2.      Woods' claim falls outside "the core of habeas corpus" and is therefore not cognizable in habeas. *Nettles v. Grounds*, 830 F.3d 922, 931, 935 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017). If success on the merits of a state prisoner's argument "would necessarily demonstrate the invalidity of confinement or its duration," habeas is the appropriate avenue for bringing that claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Yet if a favorable judgment for the prisoner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 935. Woods alleges that the presiding commissioner who conducted his 2012 parole proceeding had a pending job application with the district

attorney's office that opposed parole during his hearing and that this constituted a conflict of interest that deprived Woods of due process. Woods seeks an evidentiary hearing to prove his allegation that the commissioner suffered from a disqualifying conflict and, if that is successful, an order affording him a new parole hearing before an unbiased panel. Because the ultimate relief Woods seeks through his petition is "a new parole hearing at which . . . parole authorities may, in their discretion, decline to shorten his prison term," *Dotson*, 544 U.S. at 82, a favorable judgment would not necessarily result in earlier release. His claim is thus not cognizable in habeas, and we vacate for lack of habeas jurisdiction the district court's denial on the merits of Woods' habeas claim.

3. If his allegations that a member of his 2012 parole panel had an impermissible conflict are proven true, Woods states a viable claim under *Swarthout v. Cooke*, 562 U.S. 216 (2011), that the hearing did not meet minimal due process requirements. On remand, Woods should be afforded leave to amend his petition to assert his claim under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 936.

Each party shall bear its own costs.

**VACATED and REMANDED.**

**Woods v. Valenzuela, 15-15363**

KLEINFELD, Senior Circuit Judge, dissenting:

I agree with the majority that under <u>Nettles v. Grounds</u>[1] this case cannot be brought as a habeas petition. I dissent because I believe this case is moot, and that accordingly we lack the power to remand the case to the district court.

The harm that Woods alleges in this case is that his 2012 parole panel was biased against him due to parole panel member Jeffery Ferguson's pecuniary interest in a pending job application with the Alameda County District Attorney's office—the same office that sought to keep Woods incarcerated at the parole hearing. All Woods seeks in this case is a parole board that lacks such bias.[2] But his injury, denial of parole by a biased parole board, was cured in 2015 when Woods received a new parole hearing before an unbiased board. Woods in 2015 got exactly what he wanted from this case, an unbiased parole board. Therefore, Woods lacks an "actual injury that can be redressed by a favorable judicial

---

[1] 830 F.3d 922 (9th Cir. 2016) (en banc).

[2] Indeed, a federal court could not order state officials to release Woods on parole because only a California parole board can "prescribe an end date to a prisoner's indeterminate sentence." <u>Haggard v. Curry</u>, 631 F.3d 931, 938–39 (9th Cir. 2010) (per curiam).

decision," and his case is moot.[3]

I am not convinced by the two Supreme Court decisions cited by the majority concerning mootness in parole cases. Weinstein v. Bradford held only that a petitioner whose parole "ripened into complete release" no longer had an interest "in the procedures followed by [the state] in granting parole," and therefore had a moot case against the state for procedural violations in his parole.[4] This is inapposite to Woods's case. And in Jago v. Van Curen, the petitioner brought a habeas petition claiming his rights had been violated due to revocation of his parole without a hearing.[5] Subsequent to the filing of the petition, he was granted parole.[6] The Court found the petitioner still had an injury because "the release was conditioned upon respondent's compliance with terms that significantly restrict his freedom."[7] The Court found that the petitioner's relief was not moot because if the petitioner won on the merits of his claim (which he did not), the district court could order on remand that he no longer be subject to the restrictions placed upon him in

---

[3] Iron Arrow Honor Soc. v. Heckler, 464 U.S. 67, 70 (1983) (per curiam).

[4] 423 U.S. 147, 147–148 (1975) (per curiam).

[5] 454 U.S. 14, 16 (1981) (per curiam).

[6] Id. at 21 n.3

[7] Id.

parole.[8]  In this case the only relief we could give is a new parole hearing, relief that Woods already received in the form of the 2015 hearing.

Furthermore, this case does not fit into the "capable of repetition yet evading review" exception for mootness, because Woods cannot make a "reasonable showing" that he will face the same legal issue in this case again—that a parole panel member would be biased against him.[9]

For these reasons, I would dismiss for mootness, and not reach the merits of the case.  I do agree that <u>Nettles</u> would require dismissal if we were to reach the merits.[10]  I dissent rather than concur because we lack jurisdiction to remand this moot case to the district court to afford Woods leave to amend his petition to assert his claim under 42 U.S.C. § 1983.

---

[8]  <u>Id.</u>

[9]  <u>See</u> <u>City of L.A. v. Lyons</u>, 461 U.S. 95, 109 (1983).

[10]  <u>See</u> <u>Nettles v. Grounds</u>, 830 F.3d 922, 929 (9th Cir. 2016) (en banc).

3